In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-3019

MARK A. PIERSON, Warden,

*Plaintiff-Appellee*,

*v.*

ROD BLAGOJEVICH, Governor,
and ROGER E. WALKER, JR.,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 949—**Samuel Der-Yeghiayan,** *Judge.*

SUBMITTED DECEMBER 7, 2005—DECIDED DECEMBER 20, 2005
PUBLISHED FEBRUARY 10, 2006[Œ]

Before BAUER, POSNER, and EVANS, *Circuit Judges.*

PER CURIAM. Rod Blagojevich and Roger Walker appeal
the district court's denial of their motion for judgment on
the pleadings based on qualified immunity. Appellants now
ask for summary reversal based on this court's opinion in

---

[Œ] This opinion was originally issued as an unpublished order
on December 20, 2005. Upon request, the panel has determined
that this decision should now issue as a published opinion.

*Riley v. Blagojevich*, 425 F.3d 357 (7th Cir. 2005). Appellees respond that if this court acts summarily, it should affirm the district court's order under *Kiddy-Brown v. Blagojevich*, 408 F.3d 346 (7th Cir. 2005).

Appellee Mark Pierson sued Governor Blagojevich and Walker, the director of the Illinois Dept. of Corrections, alleging that defendants improperly terminated Pierson from his position as warden at a state prison. Pierson, who began his employment under a prior Republican administration, claims he was fired because he was not an ally of the new Democratic administration and because he publicly criticized his superiors.

Defendants attached to their amended answer a copy of the job description for Pierson's warden position that is kept on file at the Illinois Department of Central Management Services (CMS). The essential functions identified in the job description include directing the overall operations and programs of Pinckneyville Correctional Center, formulating "policy, procedures, rules, regulations, and institutional directives for employees and inmates," and planning and approving the facility's fiscal budget.

Defendants ask for summary reversal under *Riley*, which held that an official job description, if reliable, is the correct basis for the court's determining whether political affiliation is a legitimate requirement of the job. 425 F.3d at 364. And the job description here—even more than the job description of assistant warden at issue in *Riley*—clearly confers policy-making discretion. The question is thus the reliability of the job description attached to the defendants' answer. Defendants submit a stipulation from Pierson in which he states that the job description attached to the answer is indeed a "true and correct copy of a Position Description contained in the files of the Illinois

Department of Central Management Services ("CMS") for position number 40070-29-62-000-00-01, corresponding to Position Title of Senior Public Service Administrator (working title of Warden) at Pinckneyville Correctional Center." According to the defendants' affidavit attached to the amended answer, and not contested by Pierson, this job description has been in effect from May 1, 1999, to the present; it was not concocted by Governor Blogojevich. Pierson does not deny that he signed the stipulation, which is materially identical to the stipulation signed by appellant Snyder and found to be sufficient by this court in the *Riley* appeal. This appeal is therefore controlled by *Riley*. The district court's order denying appellants' motion for judgment on the pleadings is therefore reversed and the case remanded with directions to enter judgment for the defendants.

REVERSED AND REMANDED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*